56 F.3d 71
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dayton HAWORTH, et al., Plaintiffs-Appellants,
v.
STATE of Nevada, et al., Defendants-Appellees.
Dayton HAWORTH, et al., Plaintiffs-Appellees,
v.
STATE of Nevada, et al., Defendants-Appellants.
 Nos. 93-16972, 94-16561.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided May 24, 1995.
 
 Before: BRUNETTI, THOMPSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In a separately filed opinion in Case No. 94-16561, we vacated and remanded the district court's award of attorney fees and costs to the plaintiffs-appellants. Haworth v. Nevada, F.3d (9th Cir. 1995). In this memorandum disposition in Case No. 93-16972, we affirm the district court's judgment on the merits of the plaintiffs-appellants' Fair Labor Standards Act (FLSA) claims.
 
 
 3
 In anticipation of the FLSA's application to the states in 1986, Nevada negotiated an agreement with the cottage couples. The cottage couples now attack this agreement. The agreement had the following paragraph regarding compensation for sleep time:
 
 
 4
 If the 8-hour sleeping period is interrupted by a call to duty, the time of the interruption will be counted as hours worked. If the employee does not get at least 5 hours of sleep during the scheduled sleeping period, the entire time will be considered as hours worked. The hours of sleep need not be continuous, uninterrupted hours of sleep. However, if interruptions during the sleep period are so frequent as to prevent reasonable periods of sleep totalling at least 5 hours, the entire period will be considered as hours worked.
 
 
 5
 The district court found this agreement to be binding, and held the arrangement for sleep-time compensation comported with the FLSA.
 
 
 6
 The cottage couples argue they did not know the FLSA required Nevada to compensate them for sleep time in the absence of an agreement, and therefore the agreement is not binding. The district court found otherwise: "All cottage couples employed at the Children's Home voluntarily signed the agreement. No employee complained to the Department of Human Resources about the terms of the agreement or inquired as to its meaning." The cottage couples have not pointed to any evidence that would undermine this finding.[1] In the absence of such evidence, we affirm the district court's factual finding that the agreement is binding.
 
 
 7
 The cottage couples argue that, even if the agreement is binding, it does not comport with FLSA requirements. Whether the agreement comported with FLSA requirements is a question of fact which the district court found contrary to the contentions of the cottage couples.
 
 
 8
 The DOL's regulations allow an agreement by which compensation for sleep time may be withheld if "adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep." 29 C.F.R. Sec. 785.22. The court relied largely on the fact that, prior to the present litigation, no employee had complained about conditions of employment or about not being able to get a full night's sleep. Once again, the cottage couples do not point to anything that shows these findings to be clearly erroneous.
 
 
 9
 The cottage couples also challenge the calculation of their hourly wage. The district court found the cottage couples were traditionally paid a biweekly salary meant to compensate them for all hours worked. If an employee is paid a biweekly salary, her hourly wage is calculated by dividing the salary by the number of hours for which it is meant to compensate. 29 C.F.R. Sec. 778.113.
 
 
 10
 The district court's finding comports with the Department of Labor's (DOL) ruling that the cottage couples were salaried employees (the DOL disagreed with Nevada as to how many hours the salary was meant to compensate). The cottage couples continue to point to the evidence presented at trial as dispositive, but they have not shown the district court's findings to be clearly erroneous. We affirm, therefore, the district court's calculation of the cottage couples' hourly wage.
 
 
 11
 The cottage couples challenge the district court's specific findings on bad faith and willfulness. The court found:
 
 
 12
 The plaintiffs failed to establish that the defendant acted in bad faith in its dealings with plaintiffs. Further, the plaintiffs failed to establish that defendants lacked reasonable grounds for believing they were complying with the FLSA. The evidence is insufficient to show that the defendants acted willfully or in reckless disregard of the plaintiffs rights in attempting to modify its pay scale to comply with FLSA provisions.
 
 
 13
 There are two consequences of these findings. First, the plaintiffs were not entitled to liquidated damages. 29 U.S.C. Sec. 260. Second, the court applied a two-year statute of limitations rather than a three-year statute. 29 U.S.C. Sec. 255(a).
 
 
 14
 Nevada presents a compelling case that its one violation of FLSA was not willful. Nevada sought guidance from the DOL in crafting its compensation policy once it became clear that the FLSA would apply to the states. The agreement that Nevada negotiated with the cottage couples gave the latter what they wanted: a raise in pay and an extra day off every two weeks. After the DOL investigated and found one technical violation, Nevada issued payment for back wages owed and amended its pay scales to reflect the DOL mandated method of calculation. Thirty-two of the 54 eligible cottage parents accepted this payment; the other 22 filed the present lawsuit.
 
 
 15
 Again, the cottage couples point to no evidence that the district court erred in making its findings that Nevada did not act in bad faith, wilfully, or in reckless disregard of the plaintiffs' rights. Indeed, the evidence established that Nevada attempted in good faith to comply with the FLSA. Thus, the district court did not err in denying the cottage couples' claim for liquidated damages, and it correctly applied the two-year statute of limitations.
 
 
 16
 The district court's judgment on the merits of the plaintiffs' FLSA action (case No. 93-16972) is AFFIRMED.
 
 
 
 *
 The panel unanimously finds case No. 93-16972 suitable for disposition without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cottage couple Joe and Florence Vadala were not employed at the time the agreement was signed, and they never signed the agreement. The district court found the Vadalas accepted payment under the agreement which showed their intent to be bound by it. Again, the cottage couples point to no evidence which would undermine this finding